UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH BECERRA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Case No. _____ |
| v. | § | |
| | § | |
| C. R. BARD, INC. AND DAVOL INC. | § | NOTICE OF REMOVAL |
| | § | |
| Defendants. | § | |
| | § | |

## NOTICE OF REMOVAL BY DEFENDANTS C. R. BARD, INC. AND DAVOL INC.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants C. R. Bard, Inc. and Davol Inc. (collectively "Defendants") hereby remove this action from the 444th Judicial District Court of Cameron County in the State of Texas, to the United States District Court for the Southern District of Texas, Brownsville Division based on diversity jurisdiction under 28 U.S.C. §§ 1332. In support of removal, Defendants state as follows:

## I.   FACTUAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.      On or about December 26, 2017, Plaintiff Joseph Becerra filed an Original Petition against Defendants in the 444th Judicial District Court of Cameron County in the State of Texas, entitled *Joseph Becerra v. C. R. Bard, Inc., and Davol, Inc.,* Cause No. 2017-DCL-08307-H ("Plaintiff's Original Petition," attached as Exhibit A). Exhibit A is "a copy of all process, pleadings, and orders" served upon Defendants in this action, as required by 28 U.S.C. § 1446(a).

2.      In the Original Petition, Plaintiff alleges that a "Ventralex Hernia Mesh Patch developed and manufactured by Defendants" was implanted in Plaintiff on August 7, 2015, in

connection with his hernia repair. *See* Ex. A ("Pl.'s Original Pet.") at 2. Plaintiff further alleges that he required additional medical treatment and "has suffered serious and permanent injuries to his body, including physical pain, mental anguish, and permanent bodily impairment" as a result of the implant. *Id.* at 5.

3.       Plaintiff asserts various product-liability claims against Bard, including claims for negligence and strict liability.

4.       Defendants were served with process on January 11, 2018. Pl.'s Original Pet. Defendants are filing this Notice of Removal within thirty (30) days of service, per 28 U.S. Code § 1446(b)(1). As such, removal is timely.

5.       Promptly after the filing of this Notice, Defendants will serve written notice of this removal on Plaintiff's counsel and file a copy of this Notice of Removal with the 444th Judicial District Court of Cameron County, as required by 28 U.S.C. § 1446(d).

6.       The Southern District of Texas, Brownsville Division, is the federal judicial district encompassing the 444th Judicial District Court of Cameron County. *See* 28 U.S.C. § 124(b)(4). Venue is therefore proper in this district and division under 28 U.S.C. § 1441(a).

## II.       THIS COURT HAS DIVERSITY JURISDICTION

7.       This Court has diversity jurisdiction over this case because the parties are, and were at the time Plaintiff filed his Original Petition, citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

A.      **The Amount in Controversy Is Met.**[1]

8.      Plaintiff admits he seeks damages "over $1,000,000.00." *See* Pl.'s Original Pet. at

6.  Accordingly on the face of the Petition, the amount in controversy in this action exceeds

$75,000, exclusive of interest and costs. *See* 28 U.S.C § 1332(a); *see Horton v. Liberty Mut. Ins.

Co.*, 367 U.S. 348, 354 (1961) ("The general federal rule has long been to decide what the

amount in controversy is from the complaint itself, unless it appears or is in some way shown

that the amount stated in the complaint is not claimed 'in good faith.'") (citing *St. Paul Mercury

Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for

want of jurisdiction in cases brought in the federal court is that, unless the law gives a different

rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."));

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992);

*Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) ("In general,

the court will look to the plaintiff's complaint regarding the pleaded amount in controversy . . .

.").

9.      While Plaintiff's allegation that the amount in controversy exceeds $75,000 is

enough to establish the jurisdictional minimum, a review of Plaintiff's Original Petition proves,

by a preponderance of the evidence, that the "matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). *See also In re Silica Prods. Liab.

Litig.,* 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (holding that the amount-in-controversy to be

satisfied where Plaintiff alleged economic loss, medical and health expenses, and claimed serious

medical conditions); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (it is

---

[1] The defendant need make only a short and plain statement regarding the amount-in-controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, ——— U.S. ———, ———, 135 S.Ct. 547, 553, ——— L.Ed.2d ———, ——— (2014) (citing 28 U.S.C. § 1446(a)).

"facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."); *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-cv-151, 2011 WL 1636234, at \*1 & n.3 (E.D. Tenn. Apr. 29, 2011); s*ee also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging similar injuries and seeking similar compensation satisfies amount-in-controversy for federal diversity jurisdiction)

10.     Plaintiff alleges he "suffered serious and permanent injuries to his body, including physical pain, mental anguish, and permanent body impairment."  Pl.'s Original Pet. at 5. Plaintiff furthers alleges he will "suffer long into the future if not for the balance of his natural life" because of injuries sustained as a result of Defendants' product.  *Id.*  Plaintiff seeks past and future physical pain and mental anguish damages, as well as future and past medical expenses, damages for loss of earning capacity, and damages for physical impairment.  *Id.* at 6.

11.     The Fifth Circuit has held that the amount in controversy exceeded $75,000 based on allegations of damages similar to the ones made by Plaintiff in this case.  *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (injuries to right wrist, left knee and patella, upper and lower back coupled with "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" supported finding that "claimed damages exceeded $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

("alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" was sufficient to meet $75,000 amount-in-controversy requirement).  Here, Plaintiff alleges injuries much greater than those in *Luckett*, including permanent physical disability, future medical expenses, physical pain, mental anguish, and lost income.

12.     In addition, a number of other plaintiffs have brought similar product liability actions against Bard in federal court that specifically plead an amount-in-controversy in excess of $75,000. *See, e.g., Fiebig v. Davol Inc.,* No. 3:14-cv-01954 (N.D. Tex. filed June 16, 2014) (product liability case regarding Ventrio hernia patch and alleging damages in excess of amount-in-controversy for federal diversity jurisdiction); *Burge v. Davol Inc.*, No. 1: 07-CV-06885 (N.D. Ill. filed Dec. 6, 2007) (Kugel mesh patch case seeking damages in excess of amount required by 28 U.S.C. § 1332); *Terrell v. Davol Inc.*, No. 2:13-cv-05074 (E.D. Pa. filed Aug. 28, 2013) (Marlex Mesh case alleging damages in excess of amount-in-controversy for federal diversity jurisdiction).

13.     For these reasons, the amount of recovery sought by Plaintiff clearly exceeds $75,000, exclusive of interest and costs.

**B.      Diversity Exists Because Defendants and Plaintiff are Citizens of Different States.**

14.     The requirement that this be a civil action between citizens of different states for establishing diversity jurisdiction under 28 U.S.C. § 1332 is also met here.  Plaintiff's Original Petition is a civil action, and Plaintiff alleges he is a "natural person and a resident of Hidalgo County, Texas."  Pl.'s Original Pet. at 2.  Hence, Plaintiff is a citizen of Texas.

15.     C. R. Bard, Inc. is, and was at the time of the filing of the Original Petition, a New Jersey Corporation, and C.R. Bard, Inc.'s principal place of business is located in New Jersey.

*See* Pl.'s Original Pet. at 2.  Accordingly, C. R. Bard, Inc. is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

16.    Davol Inc. is, and was at the time of the filing of the Complaint, a Delaware Corporation.  Davol Inc.'s principal offices are located in Rhode Island.  *See* Pl.'s Original Pet. at 2.  Accordingly, Davol is a citizen of those two states.[2]  *See* 28 U.S.C. § 1332(c)(1).

17.    Defendants and Plaintiff are therefore citizens of different states for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

18.    Because Plaintiff and Defendants are citizens of different states and the amount-in-controversy requirement is met, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, and removal is appropriate under 28 U.S.C. § 1441.

### III.    CONCLUSION

19.    WHEREFORE, Defendants respectfully request that the above-described case be removed from the 444th Judicial District, Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

DATED:  February 2, 2018

---

[2] Plaintiff alleges Davol Inc. is a citizen of the state of Rhode Island, which although incorrect does not affect a jurisdictional analysis.

Respectfully submitted,

REED SMITH LLP

By: */s/ Julie A. Hardin*
    Julie A. Hardin
    (*Attorney-in-charge*)
    State Bar No. 24013613
    Fed No. 26459
    jhardin@reedsmith.com
    811 Main Street, Suite 1700
    Houston, Texas  77002-6110
    Telephone:   713.469.3800
    Facsimile:   713.469.3899

**ATTORNEYS FOR DEFENDANT**
**C. R. BARD, INC. AND DAVOL INC.**

OF COUNSEL:

Curtis R. Waldo
State Bar No. 24090452
Fed. Bar No. 2331235
cwaldo@reedsmith.com
811 Main Street, Suite 1700
Houston, Texas  77002-6110
Telephone:   713.469.3800
Facsimile:   713.469.3899

**ATTORNEYS FOR DEFENDANT**
**C. R. BARD, INC. AND DAVOL INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to counsel for Plaintiffs, by certified mail, return receipt requested, this 2nd day of February, 2018.

**Counsel for Plaintiff**

Ricardo A. Garcia
Lino H. Ochoa
I. Cecilia Garza
Veronica L. Sepulveda
GARCIA & OCHOA, L.L.P.
820 S. Main
McAllen, Texas 78501

And

Julian C. Gomez
THE JULIAN C. GOMEZ LAW FIRM, PLLC
1602 Dulcinea
Edinburg, Texas 78539

/s/ *Curtis R. Waldo*
Curtis R. Waldo